IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WITRICITY CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>IDEANOMICS, INC., and<br>WIRELESS ADVANCED VEHICLE<br>ELECTRIFICATION, LLC<br><br>  Defendants. | C.A. No. 24-895 (JLH)<br><br>**JURY TRIAL DEMANDED** |

**WITRICITY CORPORATION'S RESPONSE TO DEFENDANTS'
NOTICE REGARDING RELATED CASE**

Plaintiff WiTricity Corporation ('WiTricity") writes in response to Defendants Ideanomics, Inc. and Wireless Advanced Vehicle Electrification, LLC's (collectively "Defendants") Notice Regarding Related Case ("Defendants' Notice).  *See* D.I. 11.  WiTricity disagrees that the above-captioned case ("this Lawsuit") is in any way related to *WiTricity Corporation v. Momentum Dynamics Corporation*, C.A. 20-1671 (MSG) ("WiTricity 1") and respectfully urges the Court to reject reassignment to Judge Goldberg.  As an initial matter, WiTricity 1 is currently stayed and WiTricity expects Defendants to likewise request that this Lawsuit be stayed if it is reassigned.  This would prejudice WiTricity because these cases are unrelated as explained herein.  Additionally, the Court should not reassign the case to Judge Goldberg for at least three reasons.  ***First***, this Lawsuit involves different defendants and therefore will necessarily involve different accused products. ***Second***, WiTricity 1 involves seven (7) asserted patents and this Lawsuit involves five (5) asserted patents.  Importantly, ***only one*** of these twelve asserted patents overlaps: U.S. Patent No. 9,184,595.  ***Third***, Defendants' Notice is premature because Defendants have indicated that it expects to file a motion to transfer

1

this case to the District of Utah.  Reassignment to Judge Goldberg therefore would not serve judicial efficiency consistent with the applicable rules of this Court.  *See* D. Del. LR 3.1(b).  This Lawsuit does not: (1) arise from the same or substantially identical happenings as the case at bar because it involves different defendants and different accused products; (2) does not involve the same or substantially the same parties or property because it involves different defendants and different accused products; (3) does not involve the same patents because four of the asserted patents in this Lawsuit are not asserted in WiTricity 1; and (4) entail substantial duplication of labor if heard by different judges for the reasons stated above.  WiTricity therefore respectfully urges the Court to not reassign this Lawsuit to Judge Goldberg.

Dated: August 22, 2024

OF COUNSEL:

BUTZEL LONG P.C.
Daniel G. Vivarelli, Jr.
Aaron S. Kamlay
Priya S. Dalal
1901 K Street, NW, Suite 860
Washington, DC 2006
(202) 454-2800
vivarelli@butzel.com
kamlay@butzel.com
dalal@butzel.com

Mitchell S. Zajac (P82498)
150 West Jefferson Ave., Suite 100
Detroit, MI 48226
(313) 225-7000
zajac@butzel.com

　/s/ Kenneth L. Dorsney　
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6839
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Plaintiff*
*WiTricity Corporation*

2