IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WITRICITY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>IDEANOMICS, INC. and WIRELESS ADVANCED VEHICLE ELECTRIFICATION, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 24-895-JLH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER DISMISSING CASE**

At Wilmington this 9th day of September, 2024:

The District of Delaware has a Local Rule that states as follows: "Counsel for a plaintiff in a civil action shall indicate on the civil cover sheet if said action is related to any other civil action previously decided or pending in this or any other federal district court. Civil actions are related if they . . . [i]nvolve the same patent." D. Del. LR 3.1(b)(3). The version of the civil cover sheet filed with the Complaint in this case has instructions, which state: "If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases." Instructions for Attorneys Completing Civil Cover Sheet Form JS 44 § VIII (Rev. 09/19).[1]

Plaintiff WiTricity Corporation filed this case on July 30, 2024. It asserts a number of patents, including U.S. Patent No. 9,184,595. The civil cover sheet that was filed with the Complaint was left blank in Section VIII, which requests, "Related Case(s) If Any." Because no

---

[1] The current version of the JS 44 omits the word "pending." *See* https://www.uscourts.gov/forms/civil-forms/civil-cover-sheet (Rev. 03/24).

related cases were listed, the case was submitted for random assignment and was assigned to me on August 7, 2024.

However, this case was not the first case filed in this district by the same Plaintiff asserting the '595 patent. On December 9, 2020, Plaintiff filed another case asserting a number of patents, including the '595 patent. *See WiTricity Corp. v. Momentum Dynamics Corp.*, No. 20-1671 (D. Del.). That case is assigned to the Honorable Mitchell S. Goldberg, and it is currently stayed.

Defendant in this case notified me that there was a related case pending before Judge Goldberg and that it would "serve judicial efficiency consistent with the applicable rules of this Court" to reassign the case to him. (D.I. 11.) Plaintiff then filed a "statement," which argues – erroneously – that this case is not related to the case in front of Judge Goldberg because, among other reasons, Judge Goldberg's case "involves seven (7) asserted patents and this Lawsuit involves five (5) asserted patents" and "only one of these twelve asserted patents overlaps." (D.I. 12.) Plaintiff's "notice" also sets forth one reason why it does not want this case assigned to Judge Goldberg: because that case "is currently stayed and WiTricity expects Defendants to likewise request that this Lawsuit be stayed if it is reassigned." (*Id.*)

An apparent concern about how a particular judge will rule is not an excuse to not follow Local Rule 3.1. Failure to comply with the Local Rule unnecessarily wastes numerous judicial resources, including time spent by the Court policing the rule.

The Court has a strong interest in ensuring that Local Rule 3.1 is enforced. Adequate deterrence of violations requires the Court to order consequences beyond just reassignment of the case. The case is DISMISSED without prejudice to refile. If Plaintiff wishes to pursue this case, it must be refiled, and the civil cover sheet must comply with Local Rule 3.1. The Clerk of Court is directed to **CLOSE** the case.

IT IS SO ORDERED this 9th day of September 2024.

					_____
					The Honorable Jennifer L. Hall
					United States District Judge